UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

QUINTON PAUL HANDLON,

    Plaintiff,

v.                                Case No: 2:17-cv-273-FtM-99MRM

UNITED STATES OF AMERICA, STATE OF FLORIDA, CHARLOTTE COUNTY, FEDERAL BUREAU OF INVESTIGATION, CHARLOTTE COUNTY SHERIFF'S OFFICE, SEAN M. DAVOLI, KEVIN T. CONNOLLY, JOSEPH SOUSA, CHRISTOPHER TISSOT, MICHELLE A. THIBEAULT, BRITTNEY THIBEAULT, JODIE PAGE, JODY A. PAGE, U.S. ATTORNEY'S OFFICE, TAMA CALDARONE, LINDA MCNAMARA, JAMES LAPPAN, and MARTIN DEROVANESIAN,

    Defendants.

## ORDER OF DISMISSAL

This matter comes before the Court upon the civil rights complaint filed by Quinton Paul Handlon ("Plaintiff"), an inmate at the Coleman Federal Correctional Complex in Coleman, Florida pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)[1] (Doc. 1, filed May 18, 2017).

---

[1] In <u>Bivens</u>, the United States Supreme Court created a cause of action against the federal government similar to the one in 42 U.S.C. § 1983 claims against the states.

Plaintiff seeks to proceed *in forma pauperis* (Doc. 5). Therefore, this Court must review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). Upon review, the Court concludes that Plaintiff does not state a cognizable federal civil rights claim against any defendant. Therefore, his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

## I.  Complaint

Plaintiff asserts, without elaboration, that he raises claims under the Fourth, Fifth, and Sixth Amendments to the United States Constitution (Doc. 1 at 3). Plaintiff also asserts that he raises a claim under Brady v. Maryland, 373 U.S. 83 (1963) (holding that the prosecution must turn over all exculpatory evidence to the defense). He names as defendants the United States of America, the State of Florida, Charlotte County, the Federal Bureau of Investigation, Charlotte County Sheriff's Department, Deputy Sean Davoli, Detective Kevin Connolly, Detective Joseph Sousa, Detective Christopher Tissot, Michelle A. Thibeault, Brittney Thibeault, FBI-TFO Jodie Page, FBI-TFO Jody A. Page, the United States Attorney General's Office, U.S. Attorney Tama Caldarone, U.S. Attorney Linda McNamara, Federal Public Defender James Lappan, and Public Defender Martin DerOvanesian (Doc. 1 at 2-5).

Plaintiff does not actually set forth the substance of his constitutional civil rights claims in his complaint.[2] Rather, he directs the Court to numerous attached documents and emails that he believes prove his innocence of the crimes for which he was convicted: producing child pornography, coercing and enticing a minor for the production of child pornography, and possession of child pornography. See criminal case number 2:13-cr-145-FtM-29CM. Notably, Plaintiff has already challenged his criminal conviction by filing a virtually identical pleading and these same supporting documents in a 28 U.S.C. § 2255 motion, which is currently pending before this Court. See Case Number 2:16-cv-813-FtM-29CM ("Habeas Petition"). In his Habeas Petition, Plaintiff raises the following claims:

> In Ground One, Plaintiff asserts that an illegal search and seizure occurred because

---

[2] Plaintiff's failure to set forth his claims, standing alone, justifies dismissal of this case under 28 U.S.C. § 1915(e)(2)(B)(ii). Although the Court is required to liberally construe a *pro se* complaint, neither the Court nor the defendants are required to comb through a virtually incomprehensible pleading in order to cobble together a claim on Plaintiff's behalf. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("[t]his leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Where, as here, a complaint amounts to a "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension," dismissal is appropriate. Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972); Baron v. Complete Mgt., Inc., 260 F. App'x 399, 400 (2d Cir. 2008) (affirming dismissal of complaint described as "virtually unintelligible" and "frivolous and harassing").

> law enforcement had photographs of messages from two Facebook accounts, but pursued a Gmail account where none of the photographs were found in the nearly 300 emails collected. Plaintiff argues that no effort was made to trace the IP address for the origin of the emails. Plaintiff further argues that he tried to raise the issue earlier but his trial and appellate attorneys refused to do so.
>
> In Ground Two, Plaintiff argues that there was a bad faith destruction of relevant evidence because the real Gmail user deleted the emails after finding out that law enforcement would read them, and law enforcement failed to collect the IP address to prove who really sent the emails, claiming they only made printed copies of the emails and not the page providing the sender's information. Plaintiff argues that he tried to raise this earlier but his trial attorneys refused to raise the issue.
>
> In Ground Three, Plaintiff asserts that trial counsel and appellate counsel were ineffective because they refused to raise certain issues, or "check alibis, etc." Plaintiff asserts that his attorneys effectively aided the government, and were parties to a conspiracy to commit fraud upon the Court. Plaintiff asserts that he has vital exculpatory evidence that was kept out of trial and withheld from the jury.
>
> In Ground Four, Plaintiff asserts a <u>Brady</u> violation, arguing that there must have been additional emails with attachments that were not turned over. Plaintiff argues that there are at least two emails that were withheld by the government that would have shown that he was innocent and not the author of the other emails.

Habeas Petition at 4-9. Presumably, these are the same claims raised in the instant civil rights complaint.

As compensation for his allegedly unconstitutional arrest and conviction, Plaintiff seeks damages in the amount of $7,826.09 per minute per defendant, starting from May 8, 2013 at 7:30 a.m. (Doc. 1 at 7).[3]

## II. <u>Legal Standards</u>

A federal district court is required to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     (A)  the allegation of poverty is untrue; or
>
>     (B)  the action or appeal—
>
>         (i)  is frivolous or malicious;
>
>         (ii)  fails to state a claim on which relief may be granted; or

---

[3] Because there are eighteen named defendants, Plaintiff seeks a total of $202,852,252.80 per day in damages. There were 1463 days between May 8, 2013 and May 10, 2017—the date on which Plaintiff handed the complaint to the prison authorities for mailing. Accordingly, Plaintiff seeks $ 296,772,845,846.00 in damages.

>                    (iii)   seeks monetary relief
>                            against a defendant who
>                            is immune from such
>                            relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

In the case of a pro se action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Nevertheless, pro se litigants are not exempt from complying with the requirements of the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

### III. Analysis

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges,

or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380–81 (11th Cir. 1982).

    **a. Plaintiff has not stated § 1983 or Bivens claims against Michelle A. Thibeault, Brittney Thibeault, or his public defenders**

Plaintiff sues Michelle A. Thibeault, Brittney Thibeault, Public Defender James Lappan, and Public Defender Martin DerOvanesian. In order for a private party to be subject to liability under § 1983, that party must have acted under color of state law. This requires that the party's alleged actions are "fairly attributable to the State," Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982), and that the party "be a person who may fairly be said to be a state actor." Id. Plaintiff does not explain how Michelle Thibeault or Brittney Thibeault violated his constitutional rights; nor does he assert that these defendants are state actors. It is clear from the attachments to his

complaint that the Thibeaults are merely private citizens who testified against him in court and with whom Plaintiff disagrees.

Moreover, the actions of defense counsel in representing Plaintiff are the acts of a private party. The law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981)(holding that under the facts of this case, a public defender was not acting "under color of state law" but declining to hold that a public defender never acts in that role).

To the extent Plaintiff urges that these defendants conspired with the state or the government to convict him, the allegations of the complaint are insufficient to establish the existence of a conspiracy that would support a § 1983 or Bivens claim. Accordingly, Plaintiff's claims against the Thibeaults and his public defenders are dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

### b. Plaintiff cannot sue the United States, the Federal Bureau of Investigation, or the United States Attorney's Office under Bivens

Plaintiff names the United States, the Federal Bureau of Investigation, and the United States Attorney's Office as defendants (Doc. 1 at 2-3). In light of Plaintiff's *pro se* status, the Court construes his constitutional claims against the United States, the F.B.I., and the United States Attorney's Office as

claims under Bivens. However, a Bivens action must be brought against federal officers in their individual capacities; actions directly against the United States are barred by sovereign immunity.

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Loeffler v. Frank, 486 U.S. 549, 554 (1988); Federal Housing Admin. v. Burr, 309 U.S. 242, 244 (1940). Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941). See also United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). Accordingly, Plaintiff's claims against the United States and its agencies are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii)

### c. Plaintiff cannot sue the state of Florida under 42 U.S.C. § 1983

Plaintiff seeks monetary damages against the State of Florida (Doc. 1 at 3). The Eleventh Amendment bars a § 1983 action against a state for monetary damages unless waived by the State or Congress. Pennhurst State Sch. & Hosp v. Halderman, 465 U.S. 89, 97-103 (1984). The State of Florida has not waived its Eleventh

Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases. Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). Plaintiff's claims against the State of Florida are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

### d. Plaintiff cannot sue Charlotte County or the Charlotte County Sheriff's Office under 42 U.S.C. § 1983

To the extent that a plaintiff seeks to assess liability against a governmental entity in Florida, he is required to bring an action against the name of the individual who holds the office responsible for the individual's alleged wrong-doing. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Even if the Court liberally construes the complaint as properly naming the Sheriff of Charlotte County (as opposed to the County or the Sheriff's Office), this defendant must still be dismissed. It is clear from the allegations in the complaint that the Sheriff did not in any way directly participate in the alleged constitutional violations. Plaintiff attempts to attribute liability against the Sheriff solely on the basis of his supervisory position, and that, without more, does not subject him to liability. Mondell v. Dept. of Soc. Servs., 436 U.S. 658, 690–692 (1978); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993). Nor does Plaintiff's complaint contain any allegations of a policy, custom or practice that was the "moving force" behind the alleged misconduct so as to render the Sheriff

liable in his official capacities. Board of County Comm'rs v. Brown, 520 U.S. 397 (1997); see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999); Tennant v. State, 111 F.Supp.2d 1326 (S.D. Fla. 2000).

Accordingly, all claims against Charlotte County and the Charlotte County Sheriff's Office are dismissed. Likewise, Plaintiff has not stated a claim against the Sheriff of Charlotte County. 28 U.S.C. § 1815(e)(2)(B)(ii), (iii).

### e. **Plaintiff cannot sue prosecutors for their actions while performing prosecutorial duties**

Plaintiff sues two prosecuting attorneys (Doc. 1 at 5). The United States Supreme Court has held that a prosecutor is absolutely immune from a suit for damages while acting within the scope of his or her prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 425 (1976). The Supreme Court pointed out that without absolute immunity, such actions "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the attribution of improper and malicious actions to the State's advocate." Id. at 425. "[I]f the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be directed from the pressing duty of enforcing the criminal law." Id. The Imbler Court recognized that a prosecutor's immunity extends to

actions preliminary to the initiation of a prosecution as well as actions apart from the courtroom:

> A prosecuting attorney is required constantly, in the course of his duty as such, to make decisions on a wide variety of sensitive issues. These include questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present. Preparation both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence.

Imbler, 424 U.S. at 431. The Supreme Court emphasized that it is the interest in protecting the functioning of the prosecutor's office, not its occupant, which is of primary importance. The Imbler Court did not define the outer limits of the prosecutor's absolute immunity, but it did recognize that some official activities would not be encompassed, such as "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." Id. at 430-31.

Because Plaintiff's complaint is generally incoherent, it is impossible for this Court to discern precisely what unconstitutional actions the prosecuting attorneys are alleged to have taken other than to prosecute Plaintiff based on information he now alleges was incomplete. To the extent Plaintiff raises claims relating to any of the prosecutors' actions surrounding the

initiation of criminal charges against him or otherwise performing traditional prosecutorial functions, the claims are dismissed with prejudice. See Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."); 28 U.S.C. § 1815(e)(2)(B)(iii).

### f. Plaintiff cannot receive compensatory or punitive damages in this action

Plaintiff seeks almost three hundred billion dollars in monetary damages against the defendants (Doc. 1 at 7). Plaintiff was confined at Coleman Correctional when he filed this action. However, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit has interpreted this provision to mean that the PLRA forbids the litigation, during a prisoner plaintiff's period of incarceration, of a lawsuit challenging a prior arrest and seeking damages for emotional injury therefrom, with no allegation of physical injury. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002) ("The embarrassment or emotional harm caused by [a] mistaken arrest occur[s], at the earliest, when [the plaintiff is] arrested—or, using the Miranda construct, at the moment that a reasonable person

in his situation would feel unable to leave. Because the harm complained of by Napier occurred while he was in custody, the PLRA applies to his claim[.]"). Likewise, Plaintiff seeks damages for the mental stress caused by his allegedly wrongful arrest, conviction, and imprisonment; however, these damages accrued, at the earliest, the moment he was arrested.[4]

The Eleventh Circuit has addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." Napier, 314 F. 3d at 532 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). The instant § 1983 action is a "Federal civil action" under this definition. Further, it is undisputed that Plaintiff filed his complaint while imprisoned, and that his claims fall under the purview of § 1997e(e). Plaintiff seeks damages for the distress and mental injuries he suffered as a result of the defendants' conduct in investigating his case, effectuating his arrest, and ensuring his conviction. However, he alleges no physical injury.

---

[4] Presumably, Plaintiff was arrested on May 8, 2013 – the date on which he demands damages be calculated (Doc. 1 at 7). Plaintiff did not mail the instant complaint to this Court until May 10, 2017 (Doc. 1-2). Accordingly, even if Plaintiff argues that some of his claims are based upon conduct that occurred prior to his custody, these claims would likely be barred by a four-year statute of limitation. See Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) ("The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries.").

Accordingly, Plaintiff's claims for compensatory and punitive damages due to the mental anguish caused by a wrongful arrest must be dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

### g. Any remaining claims are barred by Heck v. Humphrey

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486–87. If such a § 1983 action is brought before the challenged conviction or sentence is invalidated, it must be dismissed.[6] Id. at 48. Thus, "the district court must consider

---

[5] If Plaintiff can demonstrate a constitutional injury associated with the allegedly wrongful arrest and seeks only nominal damages of one dollar, he is not barred under § 1997e(e). See Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003) (concluding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages—generally of one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury.").

[6] A Bivens claim is analogous to a § 1983 claim against a state or local officer. Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1297 n.15 (11th Cir. 2003). Accordingly, Heck applies with

whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Here, Plaintiff asserts that the defendants either falsified documents and evidence used in his prosecution, or failed to discover that certain incriminating emails were actually written by someone else. These assertions necessarily implicate the validity of his underlying federal child pornography convictions. Absent the invalidation of his convictions, which has not occurred, Plaintiff's civil rights claims for monetary damages are barred. Id; see also Skinner v. Switzer, 562 U.S. 521, 536-37 (2011) (recognizing that Brady claims rank "within the traditional core of habeas corpus and outside the province of § 1983") (citing Heck, 512 U.S. at 479, 490).[7] Accordingly, Plaintiff's claims against

---

equal force to claims brought pursuant to Bivens. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

[7] Plaintiff urges, without explanation, that his Fourth Amendment rights have been violated (Doc. 1 at 3). Because an illegal search and seizure may be followed by a valid conviction, a successful § 1983 claim for a Fourth Amendment search and seizure violation does not necessarily imply the invalidity of a conviction. Therefore, not every Fourth Amendment claim is precluded by Heck v. Humphrey. See Hughes v. Lott, 350 f.3d 1157, 1160-61 (11th Cir. 2003). Although Plaintiff raises a general Fourth Amendment claim, he does not now specify conduct by any defendant he believes violated the Fourth Amendment's search and seizure clause, other than to imply that the searches undertaken

the remaining defendants must be dismissed without prejudice for failure to state a claim on which relief can be granted.

## IV. Conclusion

Plaintiff's claims against defendants who are immune from suit and for monetary damages are dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff's remaining claims are premature because his criminal convictions have not been overturned. Accordingly, Plaintiff's Heck-barred claims are dismissed without prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). With no remaining claims or defendants, the **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment in favor of the defendants.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___26th___ day of May, 2017.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Quinton Paul Handlon

---

by the deputies were insufficient or incomplete because they did not include a search of his Facebook messages or the IP address of the sender. In other words, Plaintiff urges that his Fourth Amendment right to be free from an unreasonable search was violated because the defendants' *legal* searches did not uncover exculpatory evidence. Even if this illogical argument stated a Fourth Amendment claim, which it does not, success on the claim would imply the invalidity of Plaintiff's conviction, and therefore, the claim would be Heck-barred.